## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**APRIL SESSIONS,**

               **Plaintiff**

**v.**                                     **Case No. 1:20-cv-00606**

**STATE OF NEW MEXICO; STATE OF NEW MEXICO
ADMINISTRATIVE OFFICE OF THE COURTS ("NMAOC");
ARTHUR PEPIN**, individually and as Director of NMAOC;
and **YET-TO-BE-IDENTIFIED CO-CONSPIRATORS**,

               **Defendants.**

**COMPLAINT FOR GENDER AND AGE DISCRIMINATION AND  RETALIATION IN
VIOLATION OF THE UNITED STATES CIVIL RIGHTS ACT OF 1964 AND THE
NEW MEXICO HUMAN RIGHTS ACT; VIOLATION OF THE AGE
DISCRIMINATION IN EMPLOYMENT ACT OF 1967; VIOLATIONS OF 42 U.S.C.,
SECTIONS 1981a AND 1983; VIOLATIONS OF THE NEW MEXICO
WHISTLEBLOWER PROTECTION ACT;  BREACH OF EMPLOYMENT
CONTRACT; BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR
DEALING; INTENTIONAL INTERFERENCE WITH EMPLOYMENT CONTRACT;
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;
NEGLIGENT TRAINING AND SUPERVISION**

      **COMES NOW** the Plaintiff, April Sessions, by and through her legal counsel, Merit Bennett

of the Bennett Law Group, LLC,  and for her complaint against the Defendants, states as follows:

### JURISDICTION

      1.     The Plaintiff brings this action pursuant to the United State Civil Rights Act of 1964,

the New Mexico Human Rights Act and the New Mexico Whistleblower Protection Act.

      2.     Jurisdiction over the federal claims is proper under 28 U.S.C. § 1331. The Court has

supplemental jurisdiction over state law claims, including the New Mexico Human Rights Act, the

New Mexico Whistleblower Protection Act and other tort claims pursuant to 28 U.S.C. § 1367.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3.      Plaintiff April Sessions ("Ms. Sessions") is a female over fifty (50) yeas of age and was employed by the Defendant State of New Mexico at the State of New Mexico Administrative Office of the Courts ("NMAOC") as Program Manager for the Municipal Court Automation Program ("MCAP") and the Municipal Court Automation Fund ("MCAF") at the time of her illegal termination in 2019.  Ms. Sessions is a resident of Bernalillo County, New Mexico.

4.      "Defendants" include the State of New Mexico, the State of New Mexico Administrative Office of the Courts ("NMAOC") and its Director Defendant Arthur Pepin ("Defendant Pepin" or "Pepin").  "Defendants" also include other yet-to-be-identified individual co-conspirators.

## ESSENTIAL FACTS

5.      During her tenure at NMAOC, Ms. Sessions was subjected to a hostile work environment because of her gender (female) and age (63) and was illegally retaliated against because she blew the whistle on the illegal misconduct of the Director of the Administrative Office of the Courts, Defendant Arthur Pepin.  Ms. Sessions was thereafter forced into early retirement, causing her to suffer a significant consequential loss of income and retirement benefits.

6.      Around August of 2018, Ms. Sessions became aware of an initiative being promoted by NMAOC and the Supreme Court to "consolidate" municipal courts into magistrate courts.  This in effect meant to "close" municipal courts.  At that time only municipalities with populations under 1,500 could close their courts.

2

7.      In January 2019, Senate Bill 173 was filed in the 2019 New Mexico State Legislature in support of this initiative.  The bill allowed that **<u>any</u>** municipality could close its municipal court, instead of just those with populations under 1,500.

8.      Ms. Sessions worked with NMMJA to gather and analyze information about SB173. The New Mexico Municipal League, of which NMMJA is a subdivision, eventually issued a resolution against SB173.

9.      In early February of 2019, Ms. Sessions provided to NMAOC and NMMJA a list of costs that could result from the passage of SB173.

10.      These costs had been evaluated in close coordination with the leadership of NMMJA and the Automation Committee.  Ms. Sessions expected this cost information to be welcomed by NMAOC for the Fiscal Impact Report (FIR) for the legislature.

11.      Ms. Sessions was fully qualified to generate this cost data because municipal court automation costs are/were her area of expertise.

12.      On or about February 13, 2019, shortly after Ms. Sessions provided the cost data, she was called to a meeting with Mr. Pepin.

13.      **At the February 13 meeting with Mr. Pepin, Ms. Sessions was instructed by Mr. Pepin to conceal the cost data from the legislature and the public.**  Ms. Sessions was questioned by Mr. Pepin about where she got the information and to whom it had been sent.  **Ms. Sessions was told by Mr. Pepin that the data put him "in a bad position" because NMAOC and the Supreme Court had already decided there would be no associated costs.  <u>Ms. Sessions was then ordered by Pepin to conceal the data</u>**.

14.    Mr. Pepin's order to Ms. Session to not disclose and to conceal the valid and true cost impact of the Senate Bill was an illegal act. It prevented the legislature and the public from knowing the true costs of the legislation and the court closures it would cause.

15.    Mr. Pepin compelled Ms. Sessions to participate in his illegal activity by demanding that Ms. Sessions not further distribute those cost impacts to state legislators and other officials, also an illegal act.

16.    After Ms. Sessions pointed out to Mr. Pepin that his orders to her were improper and illegal, Mr. Pepin then illegally retaliated and discriminated against her for blowing the whistle on him.

17.     Mr. Pepin apparently thought that Ms. Sessions would be compliant with his illegal scheme because Ms. Sessions had long been a dedicated employee of the NMAOC.   Further, because Ms. Sessions is an older woman, Pepin thought he could manipulate her into submission because of her age and gender by portraying himself as the dominate male in his role as the head of the Administrative Office of the Courts.

18.    When Ms. Sessions refused to comply with Pepin's attempts to pressure her into submission and she began to blow the whistle on his illegal misconduct,  Mr. Pepin targeted her for illegal discrimination and retaliation, and he attempted to silence her by generating false pretexts (illegal and false allegations) against Ms. Sessions in order to conjure a false justification to illegally terminate her employment.

19.    The proposed termination action against Ms. Sessions had nothing to do with any wrongdoing on her  part and everything to do with the fact that she was an older woman who had dared to stand up to the NMAOC's male-dominated hierarchy, including specifically Mr. Pepin, for

4

what she believed was morally and legally right and for the rights of her stakeholders, the municipal

courts, and her termination was solely because Ms. Sessions refused to collude with or succumb to

Mr. Pepin's orders while he engaged in improper and illegal activities to conceal the true costs of

the municipal court closures, as was required by SB173, from the New Mexico State Legislature.

20.    Mr. Pepin's intent to illegally terminate Ms. Sessions was made clear when she was

cut off from access to her work email immediately after Pepin's delivery of a "proposed" termination

letter on July 8, 2019, and when she was instructed to return equipment and collect her personal

items by July 12, 2019; thus indicating that Pepin's "proposed action" to terminate her was, in fact,

his "final action," regardless of any valid response to the false assertions in the termination letter that

Ms. Sessions might be able to provide.

21.    *See* Mr. Pepin's "Proposed Termination Letter" and Ms. Sessions detailed "Response

to Proposed Termination Letter," dated July 8, 2019, attached hereto and incorporated herein as

**Exhibit A** and **Exhibit B**, respectively.

22.    It is clear that Ms. Sessions was being discriminated against and terminated because

of her gender and her age, and in retaliation for her engagement in protected whistleblower activity

and because of her refusal to collude with Mr. Pepin in his perpetration of illegal misconduct.

23.    Mr. Pepin then terminated Ms. Sessions, assuming he would get away with

discriminating against her, retaliating against her and terminating her because she was an older

woman who had blown the whistle on his illegal misconduct and that she, because of her age and

gender, would not therefore challenge his illegal decision to wrongfully terminate her.  The

harassment and hostile work environment to which Ms. Sessions was subjected to, up to and

including Pepin's illegal termination of her employment, was perpetrated by Mr. Pepin because he

wanted to get rid of Ms. Sessions because of his illegally-motivated age and gender bias and discrimination levied against her and because Ms. Sessions had threatened to blow the whistle on his illegal misconduct (whistleblower retaliation), because Ms. Sessions was an older woman who dared to stand up to his illegal misconduct, and because Ms. Sessions was an easy target for termination because she was close to retirement, and Mr. Pepin therefore assumed that Ms. Sessions would be less likely to challenge his illegal discrimination and retaliation. In fact, Mr. Pepin admitted to all of the aforesaid misconduct alleged hereinabove by his silence in an email/letter exchange with Plaintiff's counsel from July 24 to July 28, 2019, attached hereto as **Exhibit C**.

24.    Pepin was at all times herein acting individually and in his official capacity and in the course and scope of his employment as the Administrator of the Courts on behalf of the State of New Mexico, thus obligating his employer to compensate Plaintiff for her resulting damages.

25.    On September 12, 2019, Ms. Sessions filed a Charge of Discrimination with the New Mexico Human Right Bureau ("NMHRB") and United States Equal Opportunity Commission ("EEOC"), attached hereto as **Exhibit D**.

26.    On April 28, 2020, the New Mexico Human Right Bureau issued an Order of Non-Determination right-to-sue authorization attached hereto as **Exhibit E**, closing their file in order to allow Plaintiff to pursue her action in this Court.

27.    Subsequently, on June 16, 2020, the EEOC issued a Notice of Right to Sue, attached hereto as **Exhibit F**, authorizing Plaintiff to file this action.

**COUNT I**
**Gender Discrimination and Illegal Retaliation in Violation of**
**Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended;**
**the Civil Rights Act of 1991, 42 U.S.C. § 1981a and 42 U.S.C. §1983**
**(Plaintiff v. All Defendants)**

28.     Plaintiff incorporates and re-alleges all allegations of this Complaint as if fully set forth herein.

29.     The above-described misconduct perpetrated by the Defendants constitutes gender discrimination, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a), as amended ("Title VII of the Civil Rights Act") and the Civil Rights Act of 1991, 42 U.S.C. § 1981a, *et seq*.  Defendants are therefore jointly and/or severally liable to Plaintiff for all of  her statutory remedies, including actual, consequential and punitive damages and attorneys' fees.

30.     Defendants wrongfully discriminated against Plaintiff and  illegally retaliated against Plaintiff, forcing her into premature retirement  because of her expressed opposition to Defendants' illegal discrimination and other illegal misconduct.

31.     Defendants' discrimination and retaliation against Plaintiff violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991.  Defendants are therefore liable to Plaintiff for all of her statutory remedies, including her actual and consequential damages, including for statutory attorneys' fees.

32.     As a direct result of the aforesaid misconduct by the Defendants, Plaintiff has suffered and will continue to suffer embarrassment, humiliation, physical and emotional suffering and loss of employment and other damages, including loss of past and future earnings and will continue to incur these and other related damages.

33.    The conduct of the Defendants set forth above was intentional, willful, malicious, reckless, wanton and/or grossly negligent and was undertaken with a total disregard for Plaintiff's rights and feelings, knowing that their actions or inactions would cause Plaintiff to suffer economic loss and severe and extreme emotional distress, thereby entitling Plaintiff to an additional award of punitive damages to punish the individual Defendants and to deter the Defendant(s) from considering similar reprehensible and illegal misconduct.

**WHEREFORE**, on Count I, Plaintiff requests that judgment be entered against Defendants, jointly and/or severally, awarding her compensatory and punitive damages, together with pre-judgment interest, post-judgment interest, costs, attorneys' fees and such further relief as the Court deems proper.

### COUNT II
### Age and Gender Discrimination and Illegal Retaliation in Violation
### of the New Mexico Human Rights Act, NMSA §28-1-7, *et seq*.
### (Plaintiff v. All Defendants)

34.    Plaintiff incorporates and re-alleges all allegations of this Complaint as if fully set forth herein.

35.    The New Mexico Human Rights Act, NMSA §28-1-7, *et seq*., makes it an unlawful and discriminatory practice for an employer to discriminate in the terms and conditions or privileges of employment because of a person's age and/or sex to retaliate against a female employee of any age for making a protected complaint of discrimination.

36.    The Defendants had a duty by law not to discriminate against Plaintiff because of her age and/or sex, nor to retaliate against her for reporting such illegal and discriminatory misconduct.

8

37.     The Defendants violated this duty, as well as NMSA 1978, §28-1-7, *et seq*., by their aforementioned actions and inactions and by their actions in creating and perpetuating a hostile and age-discriminating and gender-discriminating work environment.

38.     As a direct result of the aforesaid misconduct of the Defendants, Plaintiff has suffered and will continue to suffer embarrassment, emotional and physical pain and suffering, humiliation and loss of employment and other consequential damages.   Further, as a direct result of the aforesaid conduct of the Defendants, Plaintiff has sustained loss of earnings and will continue to incur other related damages.

39.     The misconduct of the Defendants set forth above was intentional, willful, malicious, reckless, wanton and/or grossly negligent and was undertaken with a total disregard for Plaintiff's rights and feelings, knowing that their actions or inactions would cause Plaintiff to suffer economic loss and emotional distress, thereby entitling Plaintiff to an additional award of punitive damages to punish Defendants and to deter the NMAOC from considering similar reprehensible and illegal misconduct.

**WHEREFORE**, on Count II, Plaintiff requests that judgment be entered against Defendants, jointly and severally, awarding Plaintiff compensatory and punitive damages, together with pre-judgment interest, post-judgment interest, costs, attorneys' fees and such further relief as the Court deems proper.

## COUNT III
### Age and Gender Discrimination and Deprivation of Federal and State Rights in Violation of Title 42 of The United States Code, Sections 1981a and 1983 (Plaintiff v. All Individual Defendants)

40.    Plaintiff incorporates in this Count all of the allegations made throughout this Complaint as if fully set forth herein.

41.    The indvidual Defendants engaged in unlawful and intentional discrimination and/or retaliation prohibited under federal and state law as set forth hereinabove and hereinbelow, with malice or reckless indifference to the federally protected rights of Plaintiff.

42.    The Defendants perpetrated such misconduct under color of state law and, in doing so, have deprived Plaintiff of her rights, privileges and/or immunities secured by the United States and New Mexico Constitutions and federal and state laws, including, but not limited to, the federal and state statutes cited herein and the due process and equal protection clauses of the United States and New Mexico Constitutions.

43.    Such violations of 42 U.S.C., Sections 1981a and 1983 (also including Sections 2000e-2 and/or 2000e-3(a)) have caused Plaintiff to suffer irreparable damage and harm, thus causing all Defendants to be jointly and/or severally liable to Plaintiff for all such resulting harm.

44.    Such discrimination has caused the Plaintiff to suffer harm for which the individual Defendants are jointly and/or severally liable, entitling the Plaintiff to recover from the individual Defendants, jointly and/or severally, compensatory and punitive damages.

**WHEREFORE**, on Count III, Plaintiff requests that judgment be entered against the individual Defendants, jointly and severally, awarding Plaintiff compensatory and punitive damages,

together with pre-judgment interest, post-judgment interest, costs, attorneys' fees and such further relief as the Court deems proper.

## COUNT IV
### Age Discrimination in Violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C., Section 621, *et seq.*
### (Plaintiff v. All Defendants)

45.    Plaintiff incorporates in this Count all of the allegations made throughout this Complaint as if fully set forth herein.

46.    Defendants discriminated against Plaintiff because of her age (over 40) in violation of the  Age Discrimination in Employment Act of 1967, 29 U.S.C., Section 621, *et seq.*

47.    Such violations of 29 U.S.C., Section 621, *et seq.*, have caused Plaintiff to suffer irreparable damage and harm, thus causing all Defendants to be jointly and/or severally liable to Plaintiff for all such resulting harm.

48.    Such discrimination has caused the Plaintiff to suffer harm for which the individual Defendant is jointly and/or severally liable, entitling the Plaintiff to recover from Defendants, jointly and/or severally, compensatory and punitive damages.

**WHEREFORE**, on Count IV, Plaintiff requests that judgment be entered against Defendants, jointly and severally, awarding Plaintiff compensatory and punitive damages, together with pre-judgment interest, post-judgment interest, costs, attorneys' fees and such further relief as the Court deems proper.

11

**COUNT V**
**Violations of the New Mexico Whistleblower Protection Act,**
**NMSA 1978, Section 10-16c-1, *et seq.***
**(Plaintiff v. All Defendants)**

49.    Plaintiff incorporates and re-alleges in this Count all of the allegations made throughout this Complaint as if fully set forth herein.

50.    The New Mexico Whistleblower Protection Act, NMSA 1978, Section 10-16C-1, *et seq.*, at Section 10-16C-3 provides, in part:

Section 10-16C-3. Public employee retaliation action prohibited.

A public employer shall not take any retaliatory action against a public employee because the public employee:

A. communicates to the public employer or a third party information about an action or a failure to act that the public employee believes in good faith constitutes an unlawful or improper act.

51.    The Plaintiff communicated to the State of New Mexico, via the named Defendant and/or other state employees, the information set forth in this Complaint about the discriminatory, retaliatory and other illegal acts and failures to act of the named Defendants described herein and of other state employees, which acts and failures to act the Plaintiff believed in good faith to be unlawful and/or improper, to include but not limited to, Plaintiff's reporting of epidemic unlawful discrimination and retaliation.

52.    All of the Defendants, either individually or in concert with one or more of the other Defendants, took retaliatory action against and/or failed to act to protect the Plaintiff from further retaliation in response to the Plaintiff's communications regarding the Defendants' respective illegal acts and failures to act described through this complaint, in direction violation of the New Mexico Whistleblower Protection Act.

12

53.     Such acts of unlawful retaliation perpetrated by each and every complicit Defendant have caused the Plaintiff to suffer additional emotional and physical distress and other harm, economic loss, denial or disruption of her employment advancement, loss of back and front pay, loss of benefits and other actual and consequential damage, and all Defendants are therefore jointly and/or severally liable to Plaintiff for same.

54.     The individual Defendants perpetrated said retaliation intentionally, willfully, wantonly and/or with reckless disregard for the Plaintiff's rights and feelings, therefore rendering the individual Defendants jointly and/or severally liable to the Plaintiff for an additional award of punitive damages.

55.     Pursuant to the Whistleblower Protection Act, Plaintiff  is also entitled to recover from Defendant State of New Mexico full reinstatement to the employment advancement position(s) denied to the Plaintiff as a consequence of the above-described retaliation, together with double back pay, interest, litigation costs and statutory attorneys' fees.

**WHEREFORE** on Count V, Plaintiff requests that judgment be entered against Defendants, jointly and severally,  in an amount to be determined by the jury, for costs, double back pay, interest and statutory attorneys' fees and for such other and further relief as may be available, including, but not limited to, full reinstatement in the advancement positions denied to the Plaintiff as a consequence of the retaliation.

**COUNT VI**
**Bad Faith Breach of Employment Contract**
**(Plaintiff v. Defendant State of New Mexico, dba NMAOC)**

56.     Plaintiff incorporates and re-alleges in this Count all of the allegations made throughout this Complaint as if fully set forth herein.

57.     Defendants State of New Mexico and NMAOC, by and through the other named and unnamed complicit Defendants and their perpetration of the aforesaid misconduct against the Plaintiff as set forth above, breached the Plaintiff's contract of employment with the State of New Mexico in bad faith, causing the Plaintiff to suffer emotional and physical distress and other harm, economic loss, denial or disruption of her employment advancement, loss of back and front pay, loss of benefits and other actual and consequential damage, and the NMAOC, *ex rel.* the State of New Mexico, are liable to the Plaintiff therefor.

**WHEREFORE** on Count VI, the Plaintiff requests judgment in an amount to be determined by the jury, for costs and statutory attorneys' fees and for such and further relief as may be available.

### COUNT VII
### Breach of the Implied Covenant of Good Faith and Fair Dealing
### (Plaintiff v. Defendants State of New Mexico and NMAOC)

58.     Plaintiff incorporates and re-alleges in this Count all of the allegations made throughout this Complaint as if fully set forth herein.

59.     Implied in Plaintiff's contract of employment with the State of New Mexico was a covenant of good faith and fair dealing, which required the State of New Mexico, by and through its agencies and managerial employees, to act at all times and in all matters pertaining to such contract of employment, and to deal with Plaintiff, fairly and in good faith, in order to ensure that the Plaintiff does not suffer unnecessary or unwarranted harm, including any harm resulting from violation of the law or regulation or from illegal acts of discrimination or retaliation, such as has occurred here.

60.     Defendant NMAOC, by and through the other named and complicit individual Defendants and through other yet-to-be-named employees and as a result of its perpetration of the

aforesaid misconduct against the Plaintiff, violated this covenant of good faith and fair dealing, causing the Plaintiff to suffer emotional and physical distress and other harm, economic loss, denial or disruption of employment advancement, loss of back and front pay, loss of benefits and other actual and consequential damage, and the State of New Mexico is liable to Plaintiff therefor.

**WHEREFORE** on Count VII, the Plaintiff prays for judgment in an amount to be determined by the jury, for costs and statutory attorneys' fees and for such and further relief as may be available.

### COUNT VIII
### Intentional Interference With Employment Contract
### (Plaintiff v. Defendant Pepin and Yet-to-be-identified Individual Defendants)

61.    Plaintiffs incorporates and re-alleges in this Count all of the allegations made throughout this Complaint as if fully set forth herein.

62.    The individual Defendants owed Plaintiff a duty not to interfere with Plaintiff's contract of employment with the State of New Mexico.

63.    The individual Defendant Pepin (and other yet-to-be-identified individual defendants) breached said duty owed to Plaintiff by engaging in the acts and/or omissions set forth in this Complaint, thus rendering them liable to Plaintiff for all consequent harm suffered by Plaintiff.

64.    Pepin and other yet-to-be-identified individual Defendants perpetrated said retaliation intentionally, willfully, wantonly and/or with reckless disregard for the Plaintiff's rights and feelings, therefore rendering the individual Defendants jointly and/or severally liable to the Plaintiff for an additional award of punitive damages.

15

**WHEREFORE** on Count VIII, the Plaintiff prays for judgment against Pepin (and other yet-to-be-identified individuals) in an amount to be determined by the jury, for costs and statutory attorneys' fees and for such and further relief as may be available.

**COUNT IX**
**Intentional Infliction of Emotional Distress / Outrageous Misconduct**
**(Plaintiff v. State of New Mexico, Defendant Pepin and Yet-to-be-identified Individual(s))**

65.     Plaintiff incorporates and re-alleges in this Count all of the allegations made throughout this Complaint as if fully set forth herein.

66.     By and through the acts and/or omissions described above, the individual Defendants, acting individually, as employees and agents of the State of New Mexico or in conspiracy with others, intended to and did, in fact, inflict upon Plaintiff severe and extreme emotional distress, constituting outrageous misconduct not to be tolerated in a civilized society, for which harm the culpable individual Defendant(s) and the State of New Mexico is/are jointly and/or severally liable to Plaintiff for all of her consequent harm.

67.     The individual Defendants perpetrated said retaliation intentionally, willfully, wantonly and/or with reckless disregard for the Plaintiff's rights and feelings, therefore rendering the individual Defendants jointly and/or severally liable to the Plaintiff for an additional award of punitive damages.

**WHEREFORE** on Count IX, the Plaintiff prays for judgment in an amount to be determined by the jury, for costs and statutory attorneys' fees and for such and further relief as may be available.

## COUNT X
### Negligent Training and Supervision
### (Plaintiff v. All Defendants)

68.     Plaintiff incorporates and re-alleges in this Count all of the allegations made throughout this Complaint as if fully set forth herein.

69.     All Defendants, including the State of New Mexico and the individual Defendant Pepin, owed Plaintiff a duty to train and/or supervise State of New Mexico employees and/or the named Defendant Pepin and/or other yet-to-be-identified individual defendants in order to monitor their job performance, to include especially their interactions with the Plaintiff, and especially following Plaintiff's complaints, to insure that there would be no further discrimination and/or retaliation perpetrated against Plaintiff in the terms, conditions and environment of Plaintiff's employment, to include the perpetration of such misconduct as is described hereinabove.

70.     The Defendants breached this duty, allowing illegal discrimination and retaliation to be perpetrated against Plaintiff, which breach and other illegal misconduct has caused Plaintiff to suffer emotional and physical distress and financial harm, for which Defendants are jointly and/or severally liable.

71.     The individual Defendants perpetrated said retaliation intentionally, willfully, wantonly and/or with reckless disregard for the Plaintiff's rights and feelings, therefore rendering the individual Defendants jointly and/or severally liable to the Plaintiff for an additional award of punitive damages.

**WHEREFORE** on Count X, the Plaintiff prays for judgment on this Count in an amount to be determined by the jury, for costs and statutory attorneys' fees and for such and further relief as may be available.

17

Respectfully submitted,

THE BENNETT LAW GROUP LLC

Merit Bennett, Esq.
460 St. Michael's Drive, Suite 703
Santa Fe, New Mexico 87505
Ph: 505-983-9834 | Fax: 505-983-9836
Email: mb@thebennettlawgroup.com
*Attorney for Plaintiff*