## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**APRIL SESSIONS,**

      **Plaintiff**

**v.**                               **CASE No. 1:20-CV-00606 JFR/KRS**

**STATE OF NEW MEXICO;**
**STATE OF NEW MEXICO ADMINISTRATIVE**
**OFFICE OF THE COURTS ("NMAOC");**
**ARTHUR PEPIN, individually and as Director of**
**NMAOC; and YET-TO-BE-IDENTIFIED**
**CO-CONSPIRATORS,**

      **Defendants.**

### MOTION AND MEMORANDUM IN SUPPORT OF DEFENDANT'S
### PARTIAL MOTION FOR JUDGMENT ON THE PLEADINGS

      The State of New Mexico, State of New Mexico Administrative Office of the Courts

("AOC"), and Arthur Pepin (collectively "Defendants"), by and through their counsel, Hinkle

Shanor LLP, pursuant to Fed. R. Civ. P. 12(c)[1], seek partial dismissal of Plaintiff's Complaint for

Gender and Age Discrimination and Retaliation in Violation of the United States Civil Rights Act

of 1964 and the New Mexico Human Rights Act; Violation of the Age Discrimination in

Employment Act of 1967; Violations of 42 U.S.C., Sections 1981a and 1983; Violations of the

New Mexico Whistleblower Protection Act; Breach of Employment Contract; Breach of the

Implied Covenant of Good Faith and Fair Dealing; Intentional Interference with Employment

Contract; Intentional Infliction of Emotional Distress; Negligent Supervision and Training

---

[1] *See McKnight v. City of Topeka, Kansas*, No. 19-2353-DDC-GEB, 2020 WL 1320724, at *1 n.1 (D. Kan. Mar. 20, 2020) ("Since defendants filed their Motion to Dismiss after filing their Answer, the court construes their motion as one made under Rule 12(c) for judgment on the pleadings.").

("Plaintiff's Complaint"), for the reasons and pursuant to the authority set forth below[2.]

In her Complaint, Plaintiff has asserted gender and age discrimination and retaliation claims against the State of New Mexico, the AOC, the Director of AOC, Mr. Arthur Pepin, and "yet-to-be-identified co-conspirators"[3] under the New Mexico Human Rights Act, NMSA 1978, § 28-1-7, *et seq*. ("NMHRA"), Title VII of the Civil Rights Act of 1964 as amended, the Age Discrimination in Employment Act ("ADEA"), 42 USC § 1981a and 1983, and the New Mexico Whistleblower Protection Act, NMSA 1978, § 10-16c-1, *et seq*. ("WPA").

For good measure, Plaintiff tosses in breach of implied employment contract, breach of the implied covenant of good faith and fair dealing, and several torts – intentional interference with contract, intentional infliction of emotional distress, and negligent training and supervision. The State, the AOC and Mr. Pepin are immune from Counts VII through X under the immunity granted the State's executive agencies and public employees under the New Mexico Tort Claim Act, NMSA 1978, § 41-4-4.  Plaintiff's remaining federal, and to the extent asserted state contract claims are subject to dismissal where:

1)  The State of New Mexico is not a proper party Defendant;

2)  Plaintiff has failed to allege that she engaged in protected opposition to discrimination prior to termination and therefore has failed to state a claim for retaliation under Title VII or the NMHRA;

3)  Defendants, as New Mexico State entities/officials, are immune from liability under the ADEA;

---

[2] Pursuant to D.N.M.LR -Civ 7.1, Defendants conferred with Plaintiff regarding this Motion and determined that Plaintiff does not concur in the Motion.
[3] There is no claim for civil or criminal conspiracy asserted against any named Defendant asserted. Thus, it is difficult to fathom whom the unidentified "co-conspirators" conspired with and no claim has been stated against these unidentified individuals.

4)  Plaintiff fails to allege the existence of a valid written contract between Plaintiff and the AOC;

5)  Plaintiff's failure to demonstrate and plead the existence of a valid written contract precludes the assertion of a breach of implied covenant of good faith and fair dealing claim;

6)  Plaintiff may not bring a Title VII claim against Mr. Pepin in his individual capacity;

7)  42 U.S.C. § 1981a does not create an independent cause of action;

8)  The State of New Mexico, the AOC, and Mr. Pepin (in his official capacity) are immune to claims brought under 42 U.S.C. § 1983;

9)  Plaintiff cannot bring age discrimination claims under both 42 U.S.C. § 1983 and the ADEA;

10) The ADEA does not provide for a claim against an individual supervisor; and

11) The WPA does not provide for a claim against Mr. Pepin in his individual capacity.

## I.    STANDARD FOR JUDGEMENT ON THE PLEADINGS

Defendants filed their responsive pleading on September 3, 2020 [Doc. 7].   Fed. R. Civ. P 12(c) provides that a party may file a motion for judgment on the pleadings "[a]fter the pleadings are closed – but early enough not to delay trial."   Although the Motion is brought pursuant to Rule 12(c), the jurisdictional issues are still evaluated pursuant to Rule 12(b).   Rule 12(b)(1) subject matter "motions generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based."   *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002) (citation omitted).   In this Motion, Defendants make a facial attack on the allegations of subject matter jurisdiction in the Complaint.   "In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true."   *Holt v. United States*, 46 F.3d

1000, 1002 (10th Cir. 1995) (citation omitted).   "An assertion of Eleventh Amendment immunity calls into question the subject matter jurisdiction of the district court."   *DeMack v. Office of Attorney Gen. of New Mexico*, No. CIV 10-00288 KBM/WDS, 2010 WL 11618912, at \*2 (D.N.M. Dec. 17, 2010).   "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."   Fed. R. Civ. P. 12(h)(3).

A claim is subject to dismissal under Fed. R. Civ. P. 12(b)(6) where defendant demonstrates that plaintiff has not stated a plausible claim to relief.   To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the complaint must allege facts sufficient to state a "claim to relief that is plausible on its face."   *Ashcroft v. Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   In evaluating "plausibility" the Court is to disregard all conclusory statements of law and consider whether the remaining allegations, when accepted as true, support an inference, reasonable[4] on its face, that a particular defendant is liable for the misconduct alleged.   *Id*. at 678; *see also Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210 (10th Cir. 2011) (stating that on a motion to dismiss, a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable); *see also Saenz v. Lovington Mun. Sch. Dist.*, 105 F. Supp. 3d 1271 (D.N.M. 2015).

Although the Court is to accept all well pleaded factual allegations asserted in a complaint as true, a complaint offering merely labels and conclusions in a formulaic recitation of the elements of a cause of action, or which contains only naked assertions of liability without supporting factual content, has failed to state a plausible claim for relief and is subject to dismissal.   *See Iqbal*, 556

---

[4] The Court analyzes a motion to dismiss by examining just the allegations in Plaintiffs' Complaint—not Plaintiffs' belief as to what future discovery might reveal—to see if the Plaintiff states "a claim to relief that is *plausible* on its face."   *Twombly*, 550 U.S. at 554.

U.S. at 686.   Further, "[w]hile attributing actions to all defendants in common may have sufficed under the notice pleading regime that governed before [*Twombly/Iqbal*], under the pleading standard announced in [*Twombly*], a plaintiff must state a claim to relief that is plausible on its face, by plead[ing] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Two Old Hippies, LLC v. Catch the Bus, LLC*, 784 F. Supp. 2d 1200, 1218 (D.N.M. 2011) (internal quotation marks and citation omitted).

## II.    ARGUMENT

### A.    The State of New Mexico Should be Dismissed as a Defendant.

The State of New Mexico may not be sued as a party-Defendant in this case.   Rather, the executive agency that is alleged to have caused the harm and "against whom a judgment may be entered" must be named in the Complaint.   *Begay v. State*, 1985-NMCA-117, ¶ 9, 104 N.M. 483 (dismissing the State of New Mexico as a party-defendant).   Therefore, the State of New Mexico should be dismissed as a Defendant in this litigation, as a matter of law.

### B.   Plaintiff's Title VII and NMHRA Retaliation Claims Contained in Counts I, II, and III Should be Dismissed for Failure to State a Claim.

Plaintiff fails to state a gender or age-related retaliation claim. In order to state a *prima facie* case of retaliation under Title VII or the NMHRA based on gender or age, a plaintiff must plead: (1) that plaintiff engaged in protected activity; (2) that plaintiff was subjected to an adverse employment action; and (3) a causal connection between the protected activity and the adverse employment action.   *See Tabor v. Hilti, Inc.*, 703 F.3d 1206, 1220 (10th Cir. 2013) (setting out *prima facie* case of retaliation under Title VII); *Gonzales v. N.M. Dep't of Health*, 2000-NMSC-029, ¶ 22, 11 P.3d 550 (setting out *prima facie* case of retaliation under NMHRA).

"The first prerequisite of any retaliation claim is the…employee's *protected opposition to unlawful discrimination*, prompting the employer's retaliatory conduct."   *Curry v. Mazzio's*

*Corp.*, 72 Fed. Appx. 759, 762 (10th Cir. 2003) (emphasis in original).   Plaintiff fails to make any allegations of protected opposition to either gender or age discrimination prior the July 8, 2019 "Proposed Termination Letter," attached as Exhibit A[5] to Plaintiff's Complaint. [Doc. 1-1]   In fact, Plaintiff's own allegations admit that it was not until *after* Plaintiff received the July 8th "Proposed Termination Letter," that she engaged in protected opposition to gender/age discrimination.  *See* Exhibit B to Plaintiff's Complaint [Doc. 1-2]; [Doc. 1], ¶ 21.  Plaintiff's Complaint also attributes the termination to discrimination "because of her gender and her age, and in retaliation for her engagement in protected whistleblower activity…."   [Doc. 1], ¶ 22.

Here, there are no allegations that Plaintiff "lodged complaints concerning activities prohibited by Title VII" or the NMHRA prior to the July 8th "Proposed Termination Letter."  *Cash v. Lockheed Martin Corp.*, No. CIV 15-506 JAP/LF, 2016 WL 8919403, at *11 (D.N.M. Jul. 1, 2016) (finding that plaintiff could not satisfy a *prima facie* case of Title VII retaliation because he failed to identify protected activity under Title VII); *Hankishiyev v. ARUP Labrotories*, 732 Fed. Appx. 673, 676 (10th Cir. 2018) ("Although no magic words are required, to qualify as protected opposition the employee must convey to the employer his or her concern that the employer has engaged in a practice made unlawful by the ADEA."); *see also Ocana v. Am. Furniture Co.*, 2004-NMSC-018, ¶ 35, 91 P.3d 58 (affirming summary judgment on plaintiff's NMHRA retaliation claim because plaintiff failed to establish that defendant was on notice of her opposition to unlawful discrimination).

Because Plaintiff does not allege that she engaged in protected opposition to discrimination prior to the adverse employment action, her Title VII and NMHRA retaliation claims (contained

---

[5] Referencing documents referred to in the complaint do not transform a motion into one for summary judgment. *Gallegos v. Bernalillo Cty. Bd. of Cty. Commissioners*, 278 F. Supp. 3d 1245, 1270 (D.N.M. 2017).

in Counts I, II, and III) must be dismissed.

**C.  Plaintiff's Title VII Gender Discrimination and Retaliation Claims Against Mr. Pepin in his Individual Capacity (Count I) is Subject to Dismissal.**

It is well established that "Title VII suits against individuals must proceed in their official capacity; individual capacity suits are inappropriate." *Sauers v. Salt Lake Cnty*, 1 F.3d 1122, 1125 (10th Cir. 1993); *Orr v. City of Albuquerque*, 531 F.3d 1210, 1214 n.2 (10th Cir. 2008) (explaining that Title VII claims can proceed against a defendant only in her official capacity).   Therefore, Plaintiff's Title VII gender discrimination and retaliation claims brought against Mr. Pepin in his individual capacity (Count I) should be dismissed.

**D.  Plaintiff's 42 U.S.C. § 1981a Claims (Counts I and III) Should be Dismissed.**

Plaintiff attempts to assert claims under 42 U.S.C. § 1981a in Counts I (Title VII/Section 1983 gender discrimination/retaliation) and III (ADEA/1983 age discrimination) of her Complaint. However, Section 1981a of the Civil Rights Act of 1991 only "adds to the damages available to a plaintiff who shows, under Title VII, that she was the victim of intentional discrimination in employment." *West v. Boeing Co.*, 851 F. Supp. 395, 399 (D. Kan. 1994) (citing *Washington v. Garrett*, 10 F.3d 1421, 1434 (9th Cir. 1994)). Section 1981a is an additional "remedial provision" of Title VII, rather than a separate and independent statute creating a separate cause of action. *Id*. at 400.   "Section 1981a cannot stand on its own" and a plaintiff "cannot plead a cause of action under § 1981a separate and independent from her cause of action under Title VII." *Id*. at 400; *see also Pollard v. Wawa Food Mkt.*, 366 F. Supp. 2d 247, 251 (E.D. Pa. 2005) ("Indeed, the great weight of authority holds that § 1981a does not create an independent cause of action, but only serves to expand the field of remedies for plaintiffs in Title VII suits).

Plaintiff also seeks punitive damages under Section 1981a in Counts I and III of her Complaint. Punitive damages "are not permitted in suits against a government, government

agency, or political subdivision under 42 U.S.C. § 1981a." *Gerald v. Locksley*, 785 F.Supp.2d 1074, 1146 (D.N.M. 2011) (finding that plaintiff was unable to obtain punitive damages against UNM, which is a state agency, for Title VII claims).

For these reasons, Plaintiff's Section 1981a claims, as well as Plaintiff's punitive damages claims, should be dismissed.

### E. The State of New Mexico, the AOC, and Mr. Pepin in his Official Capacity are Immune to Plaintiff's Age and Gender Discrimination Claims Brought Under 42 U.S.C. § 1983 (Counts I and III) and Plaintiff's ADEA Claims (Count IV).

For a private citizen to proceed with a federal statutory claim against a State shielded by constitutional sovereign immunity and by the Eleventh Amendment, the plaintiff must first demonstrate that Congress has "'unequivocally expresse[d] its intent to abrogate the [State's] immunity," and that it has acted "pursuant to a valid exercise of power." *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 55 (1996) (quoting *Green v. Mansour*, 474 U.S. 64, 68 (1985)). In every instance where an individual wishes to sue a state on a federal claim, a court must conduct the two-part abrogation of immunity analysis set out in *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 97-98 (1984). The necessity of both Congressional intent to abrogate and Congressional power to deprive the state of its constitutional and Eleventh Amendment[6] sovereign immunity applies without regard to whether a federal statute seeking to hold the states liable is passed pursuant to the Fourteenth Amendment or to Congressional authority under Article I. *See, e.g.*, *Coll. Sav. Bank v. Fla. Prepaid Secondary Educ. Expense Bd.*, 527 U.S. 666, 691 (1999).

The Eleventh Amendment to the United States Constitution reads:

> The judicial power of the United States shall not be construed to

---

[6] "[A]s the Constitution's structure, its history, and the authoritative interpretations by this Court make clear, the States' immunity from suit is a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today[.]" *Alden v. Maine*, 527 U.S. 706, 713 (1999).

> extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by citizens or Subjects of any Foreign State.

"The Eleventh Amendment immunizes states from suits in law or equity, including injunctive actions." *Elam Const., Inc. v. Reg'l Transp. Dist.*, 129 F.3d 1343, 1345 (10th Cir. 1997). "Under the arm-of-the-state doctrine, this immunity extends to entities created by state governments which operate as their alter egos or instrumentalities." *Id.* "The Supreme Court has construed the immunity articulated in the Eleventh Amendment to prohibit federal courts from entertaining suits against states brought by their own citizens or citizens of another state without their consent." *Williams v. Bd. of Regents of Univ. of New Mexico*, 990 F. Supp. 2d 1121, 1142 (D.N.M. 2014).

As demonstrated below, the State of New Mexico and the AOC are therefore entitled to sovereign immunity with respect to Plaintiff's Section 1983 and ADEA claim unless an exception to this immunity applies. *See Williams v. Bd. of Regents of Univ. of New Mexico*, 990 F. Supp. 2d 1121, 1143 (D.N.M. 2014); *Martinez v. N.M. Children, Youth & Families Dep't*, No. CIV 03-0639 MCA/RLP, 2004 WL 7337735, at *5 (D.N.M. Jul. 30, 2004). Mr. Pepin is also entitled to immunity with respect to the official capacity claims against him. "[A] suit against a state official in … [his] official capacity … is no different than a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, Mr. Pepin, as sued in his official capacity, is immune from suit unless the State or Congress has waived Eleventh Amendment immunity. *See Taite v. Ramos*, Civ. No. 13-792 JP/RHS, 2014 WL 12650656, *4 (D.N.M. Sept. 25, 2014).

While a state may voluntarily waive its immunity, for example, by removing a case to federal court, *Williams*, 990 F. Supp. 2d at 1143; *see also Sossamon v. Texas*, 563 U.S. 277, 284 (2011), the State of New Mexico has not acted to waive its sovereign immunity to suit for Section

1983 and ADEA claims by private citizens.

1. Plaintiff's Section 1983 Claims

In addition to her Title VII gender discrimination and retaliation claims, Plaintiff attempts to assert gender discrimination and retaliation claims against the Defendants under 42 U.S.C. § 1983. *See* [Doc. 1], pp. 7-8. Plaintiff also attempts to bring age and gender discrimination against "All Individual Defendants" in Count III of her Complaint. *See* [Doc. 1], pp. 8-9. As Judge Parker found in *Taite*:

> There is no need for lengthy discussion in this area of the law as to Plaintiff's … 1983 claims against the [State defendants]. With regard to the…§ 1983 claims, extended analysis is not necessary; it is well-settled in the Tenth Circuit that Congress did not waive states' Eleventh Amended immunity through… § 1983.

*Taite*, 2014 WL 12650656, *4.

Because the State of New Mexico, the AOC, and Mr. Pepin (as sued in his official capacity), are entitled to Eleventh Amendment immunity from Plaintiff's Section 1983 claims, these claims contained in Counts I and III of Plaintiff's Complaint should be dismissed.

2. Plaintiff's ADEA Claims

In Count IV of the Complaint, Plaintiff attempts to assert a claim against the State of New Mexico, the AOC, and Mr. Pepin in his official capacity for violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 (2007), *et seq*. [Doc. 1], ¶¶ 45-48. The United States Supreme Court in *Kimel v. Florida Board of Regents*, 528 U.S. 62 (2000) determined that the "ADEA's purported abrogation of the States' sovereign immunity is invalid." *Id.* at 91. In fact, the *Kimel* Court held that without regard for the constitutional provision under which Congress acted in abrogating the states' sovereign immunity (i.e., whether pursuant to its Commerce Clause [Article I] powers or its Fourteenth Amendment powers), the abrogation

exceeded Congress' power and was invalid.  *Id.*

      *Kimel's* ruling is not limited to ADEA claims brought against states in federal courts.   As was made clear in *Alden v. Maine*, 527 U.S. 706 (1999), the Supreme Court's inability to force un-consenting states into court is not cabined by the reach of the states' Eleventh Amendment immunity to suit in federal court.   Rather, the limitation on Congress' authority also applies to the abrogation of the states' constitutional sovereign immunity in its own courts.  *Id.* at 712 ("[T]he powers delegated to Congress under Article I of the United States Constitution do not include the power to subject non-consenting states to private suits for damages in state courts.").   The New Mexico Supreme Court and the Federal District Court for the District of New Mexico have expressly recognized the immunity to ADEA claims possessed by state agencies like the AOC and Mr. Pepin in his official capacity.  *See Gill v. Public Employees Retirement Board*, 2004-NMSC-016, 135 N.M. 472, 90 P.3d 491 (barring suits for money damages brought against the State of New Mexico under the ADEA); *DeMack v. Office of the Attorney General of N.M.*, No. CIV 10-00288 KBM/WDS, 2010 WL 11618912, *5 (D.N.M. Dec. 17, 2010) ("Because it is barred by the Eleventh Amendment, Plaintiff's ADEA claim must be dismissed.").   Therefore, Count IV of Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction.

      Because Plaintiff's Section 1983 and ADEA claims against the State of New Mexico, the AOC, and Mr. Pepin (in his official capacity) are barred by the State's Eleventh Amendment immunity, Plaintiff's Section 1983 and ADEA claims must be dismissed under Rule 12(b)(1).

    **F.** **Plaintiff's Section 1983 Age Discrimination Claims are Subject to Dismissal Because Plaintiff Cannot Bring Both ADEA and Section 1983 Claims.**

      Plaintiff attempts to bring age discrimination claims under both 42 U.S.C. § 1983 and the ADEA.  *See* [Doc. 1], pp. 10-11.   "Section 1983 cannot be used to vindicate a violation of federal law where Congress has otherwise created a comprehensive enforcement scheme that is

incompatible with individual § 1983 enforcement." *Patterson v. Rural Water Dist. 2*, 438 F. Supp. 3d 1258, 1277 (W.D. Okla. 2020) (citing *Blessing v. Freestone*, 520 U.S. 329, 341 (1997)). The Tenth Circuit has held that age discrimination claims brought under Section 1983 are preempted by the ADEA. *See Migneault v. Peck*, 158 F.3d 1131, 1140 (10th Cir. 1998) (citing *Zombro v. Baltimore City Police Dep't*, 868 F.2d 1364, 1369 (4th Cir. 1989) (holding that the ADEA provides the exclusive remedy for claims of age discrimination)). This is because "[t]he ADEA 'is a precisely drawn, detailed statute, similar to other statutory schemes which have been held to provide the exclusive judicial remedy for a stated abuse.'" *Patterson*, 438 F.Supp.3d at 1277 (citing *Mignealt v. Peck* in its dismissal of plaintiff's age discrimination claim under § 1983).

Therefore, Plaintiff's age discrimination claims under Section 1983 brought in Count III of her Complaint are subject to dismissal.

### G.  Plaintiff's ADEA Claim Against Mr. Pepin Should be Dismissed.[7]

Plaintiff brings her ADEA claims (Count IV of her Complaint) against all Defendants. *See* [Doc. 1], ¶¶ 45-48. Plaintiff improperly brings claims under the ADEA against Mr. Pepin. A plaintiff may not sure individual supervisors under the ADEA because they are not "employers" as defined by the statute. *See Butler v. City of Prairie Village, Kan.*, 172 F.3d 736 (10th Cir. 1999) (in holding the same is applicable to the Americans with Disabilities Act, the Court noted the holding was "consistent with the majority of federal circuit and district courts that have considered the issue of individual supervisor liability under…the ADEA"); *Muffoletto v. Christus St. Vincent Regional Medical Center*, 157 F. Supp. 3d 1107, 1115 (D.N.M. 2015) ("It is now undisputed in this Circuit that 'individual employees are not liable under the ADEA.'"); *Carpenter v. New Mexico*, No. CV 10-0112 JB/WDS, 2010 WL 2292890, *10 (D.N.M. May 26, 2010) (dismissing

---

[7] This is a separate and additional basis for the dismissal of the ADEA claim against Individual Defendant Pepin.

Title VII and ADEA claims against individual employees "because they are not [plaintiff's] employer as defined in Title VII and the ADEA, and cannot be held personally liable for her claims of discrimination and retaliation.").

Therefore, Plaintiff's claims against Mr. Pepin under the ADEA should be dismissed.

## H.  **Plaintiff's WPA Claim Against Mr. Pepin in his Individual Capacity is Subject to Dismissal.**

In Count V of her Complaint, Plaintiff asserts violations of the New Mexico Whistleblower Protection Act, NMSA 1978, § 10-16c-1, *et seq.*, against "All Defendants."   *See* [Doc. 1], ¶¶ 49-55.   While Mr. Pepin may be subject to liability in his official capacity, *see* NMSA 1978, § 10-16C-2(C) (stating that "public employer" includes "every office or officer" of an agency or branch of state government), "the WPA does not create a right of action against a current or former state officer in his or her personal capacity."   *Burke v. New Mexico*, 696 Fed. Appx. 325, 335 (10th Cir. 2017) (quoting *Flores v. Herrera*, 2016-NMSC-033, ¶ 11, 384 P.3d 1070).

Therefore, Plaintiff's WPA claim against Mr. Pepin in his individual capacity should be dismissed.

## I.  **Plaintiff Fails to State a Claim for Breach of Contract (Count V) or Breach of the Implied Covenant of Good Faith and Fair Dealing (Count VI).**

Plaintiff attempts to assert a claim for breach of employment contract in Count VI of her Complaint.   *See* [Doc. 1], ¶¶ 56-57.   However, Plaintiff's only allegation concerning her breach of contract claim is that "Defendants…breached the Plaintiff's contract of employment with the State of New Mexico in bad faith…."   [Doc. 1], ¶ 57.   Plaintiff fails to identity what the alleged contract was that was breached (i.e., the AOC policies and procedures, etc.).   While the pleading standard elucidated in *Twombly* and *Iqbal*, and adopted by the Tenth Circuit in several employment cases does not require detailed factual allegations, it does demand more than the bald assertions of

generalized wrongdoing.   A complaint will not suffice if it "tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 679.   Other than the conclusory statement that Defendants breached Plaintiff employment contract, Plaintiff's Complaint stops well short of the "further factual enhancement" required to cross the "line between possibility and plausibility of entitlement to relief." *Bagwell v. Safeway Denver Milk Plant*, No. 11-cv-00162-WYD-KMT, 2011 WL 2144632, at *5 (D. Colo. May 12, 2011) (citing *Iqbal*, 129 S. Ct. at 1949).   Without specific facts concerning what the alleged contract document was, and how Defendants breach the alleged contract, Plaintiff's claim is insufficient to state a claim.

In the government employment context, a plaintiff "need not allege a written employment contract existed, but instead may allege facts sufficient to establish an implied contract based on writings that control the employer-employee relationship." *Been v. N.M. Dep't of Information Tech.*, No. 6:09-cv-00726 MV/WDS, 2011 WL 13269420, at *3 (D.N.M. Mar. 29, 2011). Plaintiff fails to allege facts that provide any substance to her assertion that Defendants breached her contract of employment, and does not even attempt to allege that any writings existed between Plaintiff and the AOC that controlled the employer-employee relationship.   NMSA 1978, § 37-1-23(A) provides that "[g]overnmental entities are granted immunity from actions based on contract, expect actions based on a valid written contract."   "In order to success on her breach of contract claim, Plaintiff must demonstrate that an implied-in-fact contract existed between Plaintiff and the AOC and that such a contract is sufficient to defeat immunity in these circumstances." *Quarrie v. Bd. of Regent of N.M. Institute of Mining and Technology*, No. A-1-CA-37163, 2020 WL 3440519, at *3 (N.M. Ct. App. June 17, 2020) (citing *Garcia v. Middle Rio Grande Conserv. Dist.*, 1996-NMSC-029, ¶¶ 9, 15, 121 N.M. 728).

Because Plaintiff has failed to allege the existence of a contract between herself and the

AOC, her breach of contract claim must be dismissed. *See Quarrie*, 2020 WL 3440519, at *3 (dismissing plaintiff's breach of contract claim because plaintiff "failed to adequately plead the existence of an implied-in-fact contract"); *see also Been*, 2011 WL 13269420, at *4 (finding that plaintiff's allegations that defendant "breached its contract with Plaintiff by failing or refusing to provide Plaintiff with the progressive discipline or with notice and an opportunity to be heard [as] mandated by [State Personnel Board] rules and regulations prior to termination of her employment" and identifying certain regulations under the State Personnel Act that she contends were violated "sufficiently allege[d] an implied employment contract such that immunity is waived").

Plaintiff's claim for breach of the implied covenant of good faith and fair dealing also fails due to Plaintiff's failure to state a claim for breach of implied employment contract. Plaintiff's Count VIII, breach of the implied covenant of good faith and fair dealing, must be dismissed because "[a] cause of action for breach of an implied covenant of good faith and fair dealing *cannot prevail without an accompanying showing for breach of contract*." *Aguilar v. Las Cumbres Learning, Inc.*, No. Civ 06-1100 JB/WDS, 2008 WL 4107137, at *18, (D.N.M. Apr. 26, 2008) (citing *Azar v. Prudential Ins. Co. of Am.*, 2003-NMCA-062, ¶ 51, 133 N.M. 669); *Eoff v. N.M. Corr. Dep't*, No. CIV 10-0598 JB/RHS, 2010 WL 5477679, *24 (D.N.M. Dec. 20, 2010) ("A claim for breach of the implied covenant of good faith and fair dealing is not an independent cause of action, distinct from the alleged implied employment contract[.]"). Where Plaintiff is unable to sufficiently plead the breach of an implied contract, she cannot maintain a claim for breach of the covenant of good faith and fair dealing against the AOC.

Therefore, Plaintiff's Counts V and VI should be dismissed.

**J. Defendants are Immune from Suit for the Torts of Intentional Interference with Employment Contract (Count VIII), Intentional Infliction of Emotional Distress (Count IX), and Negligent Training and Supervision (Count X).**

The New Mexico Tort Claims Act ("TCA") provides immunity to "governmental entit[ies] and public employee[s] acting within the scope of duty." *See* NMSA 1978 § 41-4-4(A) (granting immunity for tort claims except as that immunity is expressly waived by the TCA). In Counts VIII through X, Plaintiff seeks to assert claims for intentional interference with employment contract, intentional infliction of emotional distress, and negligent training and supervision against the AOC and Mr. Pepin. *See* [Doc. 1], pp. 15-17. The AOC and Mr. Pepin are immune from liability on these claims pursuant to the TCA.

Where the liability sought to be imposed against a state entity arises out of claims that the state is immunized against in the TCA, these claims are outside the Court's subject matter jurisdiction and must be dismissed. *See Valdez v. State*, 2002-NMSC-028, ¶ 9, 132 N.M. 667 (affirming dismissal of economic compulsion and constructive fraud claims against the secretary of the Department of Corrections because the TCA does not waive immunity for these torts); *Vigil v. State Auditor's Office*, 2005-NMCA-096, ¶¶ 15, 25, 138 N.M. 63 (affirming dismissal of plaintiff's defamation, intentional infliction of emotional distress and *prima facie* tort claims against the State Auditor's Office and the State Auditor because the TCA did not waive immunity for these intentional torts.); *Seeds v. Lucero*, 2005-NMCA-067, ¶ 1, 137 N.M. 589 (holding that City of Espanola immune from civil conspiracy claims under the TCA).

The TCA waivers, with one exception,[8] provide waivers of immunity for the "*negligence* of public employees while acting within the scope of their duties…" *See* NMSA 1978, §§ 41-4-5

---

[8] NMSA 1978, § 41-4-12 waives immunity for certain intentional torts alleged to have been committed by law enforcement officers.

through 41-4-13 (emphasis added). Intentional interference with employment contract, intentional infliction of emotional distress, and negligent training and supervision are all torts. *See Baldonado v. El Paso Natural Gas Co.*, 2008-NMSC-005, ¶ 27 143 N.M. 288 (intentional infliction of emotional distress); *Martin v. Franklin Capital Corp.*, 2008-NMCA-152, 145 N.M. 179 (intentional interference with contract); *McDermitt v. Corrections Corp. of America*, 1991-NMCA-034, 112 N.M. 247 (negligent training and supervision). No provision of the TCA waives the AOC or Mr. Pepin's immunity for the alleged intentional torts set forth in Counts VIII through X. Thus, the Defendants may not be found liable for Plaintiff's intentional tort claims and these Counts should be dismissed.

Respectfully Submitted

**HINKLE SHANOR LLP**

*/s/ Stephen S. Shanor*
Stephen S. Shanor, Esq.
Chelsea R. Green, Esq.
P.O. Box 10
Roswell, NM   88202-0010
575-622-6510 / 575-623-9332 Fax
ssshanor@hinklelawfirm.com
cgreen@hinklelawfirm.com

*And*

**HINKLE SHANOR LLP**
Jaclyn M. McLean
218 Montezuma
Santa Fe, NM   87501
505-982-4554 / 505-982-8623 Fax
jmclean@hinklelawfirm.com

*Attorneys for State Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this September 30, 2020, I caused the foregoing NOTICE along with this Certificate of Service, to be served and filed electronically through the CM/ECF File & Serve electronic filing system, which caused all parties or counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

**HINKLE SHANOR LLP**

*/s/ Stephen S. Shanor*